UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

_____
RONALD LOPEZ,                    )
                                 )
         Plaintiff,              )
                                 )
v.                               )
                                 )
HILL HOMES HOUSING               )
COOPERATIVE, INC., LINDA PATTON, )
RHONDA SHERRELL, and MAUREEN     )
STACATTO                         )
         Defendants.             )
_____)

**COMPLAINT AND JURY DEMAND**

**I. Preliminary Statement**

1. This is a civil rights action.  The plaintiff in this action, Ronald Lopez, is a Latino male with a mental disability who receives Supplemental Security Income.  Plaintiff alleges that defendants intentionally and illegally discriminated against him by refusing to rent an apartment unit to him.  As a result of defendants' illegal and discriminatory actions, plaintiff has suffered the loss of a unique housing opportunity, loss of privacy, loss of civil rights, and severe emotional distress.  Plaintiff seeks a declaratory judgment, permanent injunctive relief and compensatory and punitive damages.

2. Defendants' practices violate the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601, *et. seq.*; the Civil Rights Act of 1866, 42 U.S.C. §1982; the Massachusetts Anti-Discrimination Laws, Chapter 151B, § 4; and the Federal Rehabilitation Act, 29 U.S.C. §794.

Plaintiff also has a claim under the theory of promissory estoppel based on his detrimental reliance on defendants' promise of an apartment.

## II. Jurisdiction

3. Jurisdiction over plaintiff's Fair Housing Act claims is conferred on this Court by 28 U.S.C. §§1331 and 1337.  The Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over the related state law claims of housing discrimination and common law claim of promissory estoppel because these claims are so closely related to plaintiff's federal law claims that they are part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

## III. Venue

5. Venue is proper in this district because the claims arose in the District of Massachusetts and defendant Hill Homes Housing Cooperative, Inc. is located in the state of Massachusetts.  All parties reside or do business in Massachusetts.

## IV. Parties

6. Plaintiff, Ronald Lopez, is a Latino male who has a mental disability and receives Supplemental Security Income ("SSI").  Mr. Lopez has a daughter, I.L., age six.  She currently lives with Mr. Lopez's mother until Mr. Lopez can secure stable and safe housing.  He currently does not have a permanent residence and accordingly is staying with friends or family or in temporary housing in Hamden County.

7. On information and belief, defendant Hill Homes Housing Cooperative, Inc. ("Hill Homes") rents and manages residential property located at 460 Hancock Street and 195 Hickory Street in Springfield, Massachusetts.

8. On information and belief, defendant Hill Homes receives federal subsidies for the property located at 460 Hancock Street, where Mr. Lopez applied for housing.

9. On information and belief, defendant Linda Patton is the President of the Board of Directors of Hill Homes.

10. On information and belief, defendant Rhonda Sherrell is a "resident consultant" for Hill Homes.

11. On information and belief, defendant Maureen Staccato is the Property Manager for Hill Homes.

### III.    Facts

12. In or around October 2010, Mr. Lopez contacted Maureen Staccato, Property Manager at Hill Homes, to apply for an apartment after seeing the apartment advertised on the internet website *Craigslist*.

13. On or about October 26, 2010, Mr. Lopez submitted the required application, paid the application fee and completed all of the requisite procedures explained to him by Ms. Staccato.

14. At the time he submitted his application to Hill Homes, Mr. Lopez did not have a permanent home and was temporarily staying with his sister. Accordingly, he provided his sister's address, 50 View Street in Holyoke, Massachusetts, on his application.

15. The application asked for the name of his landlord. Mr. Lopez put his sister's name since he was staying in her home.

16. The application also asked how much he paid in rent. Since Mr. Lopez did not pay rent to his sister, he left the line blank that asked for the amount of rent paid to his landlord.

17. Hill Homes' application also inquired as to why plaintiff wanted to move. Mr. Lopez did not have a permanent home at the time he completed the application; his sister allowed him to temporarily stay with her. Accordingly, on his application, he wrote that he was living "with sister (homeless)."

18. Approximately two weeks later, Mr. Lopez received a letter from defendant stating that his application had passed the initial screening. He was provided with a date when he would be interviewed by the Hill Homes' Board of Directors to make the final determination as to whether he would be offered a unit.

19. On or about December 1, 2010, Mr. Lopez attended this interview at Hill Homes with his sister, Zaida Rodriguez.

20. Mr. Lopez was interviewed by two female representatives of the Board of Directors of Hill Homes. On information and belief, the two representatives were Linda Patton and Rhonda Sherrell.

21. The interview began with the representatives of Hill Homes asking Mr. Lopez questions pertaining to basic personal information, such as his name and age.

22. Subsequently, the representatives began inquiring about Mr. Lopez's personal life and inquired into his marital status. The representatives asked Mr. Lopez a series of questions including, but not limited to, the following:

- Are you married?

- How long did your marriage last?

- Do you anticipate having a girlfriend in the future?

- How would you react to an argument with a future girlfriend?

23. The representatives also inquired about Mr. Lopez's protected status as a person with a disability, by asking whether he takes any medication.

24. Additionally, the representatives asked questions related to Mr. Lopez's protected status as a person with a disability and as a recipient of public assistance by inquiring as to why he receives SSI.

25. As a result of the illegal and inappropriate questions, Mr. Lopez felt extremely uncomfortable and humiliated, but answered all questions honestly and to the best of his ability, as he had throughout the application process.

26. After the interview with the Board, Ms. Staccato told Mr. Lopez that she would follow up to inform him of the Board's decision.

27. Later in the month, Ms. Staccato called Mr. Lopez to inform him that he had been accepted at Hill Homes and would be able to move into an apartment shortly.  Ms. Staccato called Mr. Lopez back soon after her initial offer to say that an apartment would not be available for Mr. Lopez until a later date and that Mr. Lopez was on the waiting list for the next available apartment.

28. At that time, Mr. Lopez did not know how long he would be required to wait until another apartment became available at Hill Homes and he was no longer able to stay with his sister.  Accordingly, on or around December 15, 2010, Mr. Lopez moved into a more expensive and less desirable apartment, located at 71 Avon Place in Springfield, Massachusetts.

29. On or around the end of December 2010, Mr. Lopez received another call from Ms. Staccato stating that an apartment would be available for him at Hill Homes on or around February 7, 2011.

30. Mr. Lopez mentioned that he had just moved to a new apartment and wanted assurance that the Hill Homes apartment was actually available before he gave notice to his new landlord. Ms. Staccato assured plaintiff that this offer was final.

31. Based on Ms. Staccato's assurance, Mr. Lopez gave the landlord of his new apartment a 30-day notice that he would be moving out.

32. On or about February 3, 2011, Mr. Lopez went to Hill Homes to submit the first payments for his new apartment.

33. Upon arrival, Mr. Lopez was given a letter stating that Hill Homes could not offer him a unit due to "conflicting information during his review."

34. Hill Homes' reversal of its decision deviates from the company's published policies and practices, which state that, "If the applicant passes . . . credit history check, his/her application will then go to the board of directors. If the board of Directors [sic] has not rejected the applicant within 24 hours of the receipt of the application, the applicant will go to the corresponding waiting list as *fully approved.*" See Exhibit A, Hill Homes Cooperative Housing Application and Acceptance Procedures, ¶ 3 (emphasis added).

35. Mr. Lopez submitted an official letter of appeal to Hill Homes that day but never received a response. Hill Homes offered Mr. Lopez no further explanation for the sudden reversal of their decision other than the letter that Ms. Staccato gave to Mr. Lopez on or about February 3, 2011.

36. Subsequently, Mr. Lopez filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) based on Hill Homes' refusal to rent to him.

37. After Mr. Lopez filed the complaint, Hill Homes submitted a response, including an affidavit of Rhonda Sherrell, who conducted the interview with Mr. Lopez.  *See* Exhibit B, Sherrell Affidavit.

38. In her affidavit, Ms. Sherrell claims that the inconsistencies which resulted in Hill Homes' denial of housing for Mr. Lopez stem from the Landlord Verification form allegedly signed and submitted by Mr. Lopez's sister, "Taida Rodriguez" [sic].  *Id.* at ¶ 5; *see also* Exhibit C, Landlord Verification Form.

39. Ms. Sherrell states that that the Landlord Verification form shows Mr. Lopez lived with his sister for four years, contrary to Mr. Lopez's alleged statement in his interview that he lived with his sister for two months.  *See* Exhibit B at ¶5.

40. Ms. Rodriguez denies ever submitting or signing a Landlord Verification form.  Ms. Rodriguez also denies Mr. Lopez lived with her for four years.  Further, the Landlord Verification Form is clearly signed with the name "Taida Rodriguez" and Mr. Lopez's sister's name is Zaida Rodriguez.  *See* Exhibit C, Landlord Verification Form.

41. When Hill Homes reversed its decision and refused to rent to Mr. Lopez, he had already given notice to vacate the apartment he had recently obtained and the apartment was no longer available after his 30-day notice expired.  As a result, Mr. Lopez was homeless after Hill Homes refused to rent to him.

42. As a direct result of Hill Homes' denial, Mr. Lopez has been homeless and living in unsafe and inappropriate housing and has incurred significant costs in trying to support himself in those conditions.  Additionally, Mr. Lopez was deprived of the opportunity to live with his daughter in stable housing.

43. As a direct result of defendant's intentional discriminatory acts, Mr. Lopez has suffered a loss of a unique housing opportunity, a loss of his right to live as a family with his daughter, a loss of privacy, violations of his civil rights and severe emotional distress, including humiliation, and other special and general damages.

44. Defendant's illegal acts were, and are, intentional and willful, and have been, and are, implemented with callous and reckless disregard for the privacy and civil rights of Mr. Lopez.

45. Since there exists an actual controversy between the parties regarding defendant's duties under federal and state laws, plaintiff is entitled to declaratory relief.

46. Plaintiff is entitled to injunctive relief to enjoin defendant from engaging in the unlawful acts and practices of discrimination described above.  Plaintiff has no adequate remedy at law; as he is now suffering and will continue to suffer irreparable harm as a result of defendant's acts and practices of intentional discrimination against him.

### IV.     Claims for Relief

### COUNT I
### Violations of Federal Fair Housing Law

47. Plaintiff repeats and realleges paragraphs 1 through 46 of this complaint as if fully set forth herein.

48. Defendants' actions in refusing to rent to plaintiff as described above constitute prohibited discrimination on the basis of race or national origin proscribed by the Federal Fair Housing Act, 42 U.S.C. §3604(a).

49. Defendants actions described above constitute prohibited discrimination in the terms, conditions or privileges of rental on the basis of race or national origin proscribed by the Federal Fair Housing Act, 42 U.S.C. §3604(b).

50. Defendant's actions described above constitute prohibited discrimination on the basis of handicap proscribed by the Federal Fair Housing Act, 42 U.S.C. §3604(f).

51. Defendant's conduct has damaged plaintiff in an amount to be determined at trial.

## COUNT II
### Violation of Federally Protected Rights Under Color of State Law

52. Plaintiff repeats and realleges Paragraphs 1 through 51 of this complaint as if fully set forth herein.

53. Defendant has acted with the intent to interfere with plaintiff's right to enjoy and lease property on an equal basis with white persons, in violation of 42 U.S.C. §1982.

54. Defendant's conduct has damaged plaintiff in an amount to be determined at trial.

## COUNT III
### Violations of Massachusetts Anti-Discrimination Law

55. Plaintiff repeats and realleges Paragraphs 1 through 54 of this complaint as if fully set forth herein.

56. Defendant's actions described above constitute prohibited discrimination by a publicly funded facility on the basis of plaintiff's race or national origin pursuant to M.G.L. c. 151B § 4(6).

57. Defendant's actions described above constitute prohibited discrimination by a publicly funded facility on the basis of plaintiff's marital status pursuant to M.G.L. c. 151B § 4(6).

58. Defendant's oral inquiries into Mr. Lopez's status as a member of a protected class constitute prohibited discrimination as described by M.G.L. c. 151B §4(6)(c).

59. Defendant's actions described above constitute prohibited discrimination on the basis of plaintiff's disability pursuant to M.G.L. c. 151B §4(7A)

60. Defendant's actions described above constitute prohibited discrimination on the basis of plaintiff's status as a public assistance recipient pursuant to M.G.L. c. 151B § 4(10).

61. Defendant's conduct has damaged plaintiff in an amount to be determined at trial.

## COUNT IV
## Violations of Federal Rehabilitation Act

62. Plaintiff repeats and realleges Paragraphs 1 through 61 of this complaint as if fully set forth herein.

63. Defendant has acted to exclude plaintiff on the basis of his disability from participation in a program receiving Federal financial assistance, in violation of 29 U.S.C. §794.

64. Defendant's conduct has damaged plaintiff in an amount to be determined at trial.

## COUNT V
## Promissory Estoppel

65. Plaintiff repeats and realleges Paragraphs 1 through 64 of this complaint as if fully set forth herein.

66. Defendant Maureen Staccato made a promise to Mr. Lopez that there was an apartment available for him after he stated that he had moved into a new apartment.

67. Plaintiff relied on defendant's promise of an apartment at Hill Homes when he provided a 30-day notice to his landlord.

68. As a result of his reliance on defendant's promise, Mr. Lopez was left homeless when defendants refused to rent an apartment to him.

**Prayer for Relief**

WHEREFORE, the plaintiff requests that this court:

a.  Declare unlawful the actions of defendants under the federal and state statutes and regulations cited above;

b.  Issue an injunction permanently restraining and enjoining defendants from engaging in discriminatory practices;

c.  Order affirmative relief as may be appropriate to remedy defendants' past discriminatory practices and decisions and to insure that defendants do not discriminate in the future;

d.  Award compensatory damages;

e.  Award punitive damages;

f.  Award attorney's fees and costs incurred in the prosecution of this case; and

g.  Provide any other relief this court deems just and equitable.

h.  Plaintiff requests trial by jury on all counts.


Date:  11/3/11                                                      Plaintiff

                                                                    RONALD LOPEZ
                                                                    By his attorney,


                                                                     /s/ Meris Bergquist_____
                                                                    Meris Bergquist, BBO # 600979
                                                                    Housing Discrimination Project
                                                                    57 Suffolk Street
                                                                    Holyoke, MA 01040
                                                                    Tel. (413) 539-9796
                                                                    Fax. (413) 533-9978